LLOYD H. FAIDLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3531.   Promulgated June 11, 1947.

*Don W. Stewart, Esq.*, for the petitioner.
*Richard A. Jennings, Esq.*, for the respondent.

## OPINION.

LeMire, *Judge*: The petitioner contends, first, that the deduction of his investment in the oil venture was erroneously claimed and allowed in his return for 1930 because of his brother's guaranty of the investment and that therefore the amount which he recovered from his brother's estate in 1941 in satisfaction of that guaranty was not taxable income of that year, except as to the portion thereof which constituted interest, and that if taxable at all it constituted a capital gain and not ordinary income.

We think that the facts support the respondent's contention that the doctrine of estoppel is applicable. The petitioner took a deduction in his 1930 return which he now claims should not have been allowed. He stated in his return that his investment was "a complete loss, there being no salvage." The petitioner, who had knowledge of the true facts, never undertook to correct the return. The return was accepted and audited as being correct. The evidence does not justify any finding that the respondent had knowledge of any facts other than those stated in the return. In short, there was no mutual mistake. The year of deduction is now closed by the statute of limitations and is not before us. It can not be reopened by waiver in this proceeding. We hold that the petitioner is estopped to contend that the recovery in 1941 does not constitute taxable income because of the fact that the deduction may have been erroneously claimed and allowed in 1930. Cf. *Commissioner* v. *Liberty Bank & Trust Co.*, 59 Fed. (2d) 320. In that case estoppel was applied on facts similar to those in the instant case and the recoveries of debts erroneously reported as being worthless in a prior year were held to be chargeable to gross income for the years in which they were collected.

The remaining questions are controlled by the principles set forth in *Dobson* v. *Commissioner* and *Harwick* v. *Commissioner*, 320 U. S.

489, affirming *John V. Dobson*, 46 B. T. A. 770, and *H. J. Harwick*, Docket No. 105790 (memorandum opinion, Mar. 30, 1942). Those cases hold that the recoupment of a loss which has been claimed and allowed as a deduction in the taxpayer's return for a prior year is taxable as ordinary income in the year of the recovery to the extent that the deduction in the prior year served to reduce taxable income.

The petitioner's 1930 return shows a net income of $8,736.33 after deduction of $22,500 on account of loss in the oil venture. The return also shows that for normal tax purposes he had credits for dividends and personal exemptions aggregating $14,953.50. The Revenue Act of 1928, then in effect, provided a surtax exemption of $10,000.

Applying the principles of the *Dobson* case, *supra*, it is apparent that the deduction in 1930 of the amount recovered in 1941 did effect an offset in taxable income and the taxpayer realized a tax benefit in 1930 on account of the deduction and to that extent we hold the 1941 recovery taxable as ordinary income.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

ARNOLD, *J.*, concurs only in the result.

---

HILL, *J.*, concurring: I think it clear that the action of respondent herein should be sustained, regardless of estoppel. It is, therefore, unnecessary to base the holding on estoppel, and to do so raises the misleading implication that, absent estoppel, petitioner should prevail.